**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERECK MCKINNIE, | |
| Plaintiff, | Civil Action No. 15-0452 (CCC) |
| v. | **OPINION** |
| HOBOKEN PROSECUTOR SUSAN FERRARO, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

## I.     INTRODUCTION

*Pro se* Plaintiff Dereck McKinnie ("Plaintiff") brings this action against Defendants Hudson County Superior Court Criminal Records, William Conklin, Detective Oderina, and Hudson County Superior Court (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1.) Present before the Court are three motions to dismiss, which together address all claims against all Defendants in this case (the "Motions"). (ECF Nos. 8, 17, 18.) For the reasons stated below, the Court grants the Motions, and dismisses the Complaint.

## II.    FACTUAL BACKGROUND

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. The four-page Complaint is inartfully drafted in that it contains almost no factual allegations to identify, let alone support, Plaintiff's claims. Page one of the Complaint lists the named Defendants. (ECF No. 1 at 1.) Pages two and three of the

Complaint, titled "Cause of Action DISCOVERY AND EVIDENCE," appear to contain a list of exhibits, although most of the listed documents are not attached as exhibits to the Complaint. (*Id.* at 2-3.) Page four lists the addresses of certain defendants, and states that the relief sought is "88 Million 61 Thousand dollars." (*Id.* at 4.) Page four also contains a laundry list of causes of action without any factual support. Plaintiff asserts, without explanation, that the Complaint raises claims under the Fourteenth Amendment to the U.S. Constitution, the Equal Protection Clause, the Due Process Clause, and 42 U.S.C. § 1983. (*Id.*) Plaintiff further claims disability discrimination, breach of trust, and negligence. (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.*)

Attached to the Complaint are various exhibits, from which the Court can piece together some background information. It appears that around March 2014, a criminal matter involving Plaintiff was filed in the Jersey City Municipal Court. (ECF No. 1-4 at 1-3.) That case was later transferred to the Hoboken Municipal Court. (*Id.*) Whatever the charges were, it appears they were dismissed by the Hoboken Municipal Court. (*Id.* at 6.) Plaintiff then attempted to file an appeal. (*Id.*) In one letter to the Hudson County Prosecutor's Office, Plaintiff asserted he was being denied the right to file an appeal in the criminal matter. (*Id.* at 15.) In another letter from the Hudson County Superior Court to Plaintiff, it appears Plaintiff's appeal concerned "a change of venue from Jersey City." (*Id.* at 5.) The Superior Court stated in the letter that it "is not the proper forum to address [Plaintiff's] concern." (*Id.*)[1]

---

[1] Plaintiff has also filed with the Court a document titled "Amend Complaint," which the Clerk of the Court docketed as an amended complaint. *See* ECF No. 10 at 1. The purported "amended complaint" is nothing more than a submission of proofs of service on various defendants. *See id.* As such, the Court does not construe the document as an amendment to the Complaint.

2

## III. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a complaint filed by a *pro se* plaintiff, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## IV. DISCUSSION

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish (1) the violation of a right secured by the Constitution or laws of the United States and, (2) that the alleged

3

deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

In the Motions, Defendants raise various arguments for dismissal, including, unsurprisingly given the sparseness of the Complaint, that the Complaint fails to state a claim upon which relief can be granted. (*See* ECF No. 8-2 at 25; ECF No. 17-2 at 25; ECF No. 18-3 at 30, 42.) All three Motions construe the basis of Plaintiff's claims in the Complaint as his "inability to appeal a court order changing the venue of several criminal complaints Plaintiff filed against several individuals from the Jersey City Municipal Court to Hoboken Municipal Court." (ECF No. 8-2 at 7; *see also* ECF No. 17-2 at 7; ECF No. 18-3 at 9.) This construction of the claims is supported by the exhibits submitted by Plaintiff himself, and would certainly explain some of the oddities in the Court's review of Plaintiff's filings. For example, in the appeals form submitted by Plaintiff with regard to the criminal matter, Plaintiff listed himself as the plaintiff, and three other individuals as the defendants. (ECF No. 1-4 at 6.) In federal court, only the government may initiate criminal proceedings. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). However, in New Jersey, any person may file a criminal complaint with a municipal court. N.J. Ct. R. 3:2-1(a) ("The clerk or deputy clerk, municipal court administrator or deputy court administrator shall accept for filing any [criminal] complaint made by *any person*." (emphasis added)). The judicial officer then must make a finding whether there is probable cause to believe that an offense was committed. Id. R. 3:3-1(d). If the officer determines there is probable cause for the complaint, a warrant or a summons will be issued. *Id.* If the officer determines there is no probable cause, the complaint will be dismissed. *Id.* The fact that Plaintiff was the individual who

initiated the criminal matter would explain both why he listed himself as the plaintiff in the criminal matter, as well as why he sought to appeal the dismissal of the matter.

Since the alleged criminal matter was one Plaintiff initiated by filing a private criminal complaint, Plaintiff does not state a cognizable claim for his inability to appeal, because Plaintiff had no right to appeal in the first instance. A private citizen may file a criminal complaint in the hopes that the government will proceed to prosecute those complained of, but if the government decides not to initiate prosecution, that is the end of the matter. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."); *Fuchs v. Mercer Cnty.*, 260 Fed. App'x 472, 475 (3d Cir. 2008) ("[G]enerally, there is no statutory or common law right, much less a constitutional right, to an [] investigation [of a private criminal complaint.]" (citations and quotations omitted)). Even if prosecution was initiated, only a party aggrieved by the final *judgment* itself, not by the underlying conduct that gave rise to prosecution, may appeal. *See Mitchell Partners, L.P. v. Irex Corp.*, 656 F.3d 201, 208 n.7 (3d Cir. 2011); N.J. Ct. R. 2:3-2 ("In any criminal action, any defendant . . . or other person aggrieved *by the final judgment of conviction* . . . may appeal[.]" (emphasis added)). Indeed, a New Jersey state court has held that a private citizen "lack[s] standing to appeal the dismissal of his complaint by the municipal court judge after a determination of 'no probable cause.'" *State v. Preto*, No. 09-05, 2006 WL 66475, at *2 (N.J. Super. Ct. App. Div. Jan. 13, 2006). As such, there can be no cognizable claim for a violation of Plaintiff's rights due to his inability to appeal, when Plaintiff enjoys no right to appeal in the first instance. Accordingly, the Court finds that the Complaint has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983.

To the extent that Plaintiff asserts other claims under state law, the Court declines supplemental jurisdiction. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 Fed. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). In light of the fact that this case is still in the pretrial phase, that the Court has dismissed all of Plaintiff's federal claims, and that no extraordinary circumstances exist to compel the Court to exercise jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court dismisses the Complaint in its entirety.

Lastly, given that the Complaint is grossly under-pleaded, and the difficulties encountered by the Court to simply identify Plaintiff's claims, the Court is mindful that it may not have sufficiently identified all of the potential claims that Plaintiff is attempting to raise. As such, the Court will allow Plaintiff to amend the Complaint. Within thirty (30) days from the date of entry of the accompanying Order, Plaintiff may submit to the Court an amended complaint that is

consistent with the holdings of this Opinion, and one that satisfies the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. *See Bell Atl. Corp.*, 550 U.S. at 555.[2]

---

[2] The Court notes that to the extent Plaintiff is seeking injunctive relief in the form of an order directing the state court to accept Plaintiff's appeal, the Court lacks authority to issue such an order. *See In re Brown*, 382 Fed. App'x 150, 150-51 (3d Cir. 2010) ("[T]o the extent that Brown seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court."). Plaintiff should not seek such injunctive relief in his Amended Complaint.

## V. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (ECF Nos. 8, 17, 18) are **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days from the date of entry of the accompanying Order to amend the Complaint.

Claire C. Cecchi, U.S.D.J.

Dated: February 29, 2016